IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO: 25-12600

Corey L. McClain

Appellant

v.

Rapid Recovery Agency, Inc.

Appellee

AN APPEAL FROM THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:24-cv-60093-WPD

**BRIEF OF APPELLEE, RAPID RECOVERY AGENCY, INC.**

Scott J. Edwards, Esq.
scott@scottjedwards.com
Florida Bar No.: 40958
Scott J. Edwards, P.A.
150 E. Palmetto Park Road,
Suite 800
Boca Raton, FL 33432
Phone: 561-609-0760

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................ **2**

**TABLE OF CITATIONS** ............................................................ **3**

**STATEMENT REGARDING ORAL ARGUMENT** .......................... **7**

**STATEMENT OF THE CASE** .................................................... **8**

*I.* *Course of proceedings and dispositions below* ........................... 8

*II.* *Statement of facts* ..................................................... 8

*III.* *Standard of review* ................................................. 17

**SUMMARY OF ARGUMENT** .................................................... **18**

**ARGUMENT** ........................................................................ **20**

*I.* *The district court did not err by granting Rapid Recovery's motion for judgment as a matter of law* ......................... 20

A. There was no violation of the Fair Debt Collection Practices Act because there was no breach of the peace ......................... 20

B. There was no violation of the Florida Consumer Collections Practices Act ......................................................... 30

**CONCLUSION** ...................................................................... **33**

**CERTIFICATE OF COMPLIANCE** .......................................... **34**

**CERTIFICATE OF SERVICE** ................................................. **35**

## <u>TABLE OF CITATIONS</u>

**CASES**

*Alhassid v. Nationstar Mortg., LLC*,
    771 Fed. Appx. 965 (11th Cir. 2019) .....................................31

*Arthur v. King*,
    500 F.3d 1335 (11th Cir. 2007) ...........................................17

*Barham v. Standridge*,
    201 Ark. 1143 (1941) .........................................................25

*Bartine v. Diamond Resorts Mgmt., 2019 U.S. Dist. LEXIS*,
    239001, 2019 WL 12536565 (M.D. Fla. Jun. 13, 2019) ........30

*Byrd v. Hyundai Motor Fin., 2023 U.S. Dist. LEXIS*,
    219642, 2023 WL 8543709 (M.D. Fla. Dec. 11, 2023)...........24

*C.I.T. Corp. v. Brewer*,
    146 Fla. 247 (1941)............................................................24

*Corley v. Long-Lewis, Inc.*,
    965 F.3d 1222 (11th Cir. 2020) ...........................................31

*Daniel v. Morris*,
    181 So. 3d 1195 (Fla. 5th DCA 2015) ..................................23

*Davenport v. Chrysler Credit Corp.*,
    818 S.W.2d 23 (Tenn. Ct. App. 1991) ..................................25

*Fulton v. Anchor Sav. Bank*,
    452 S.E.2d 208 (Ga. App. 1994) ..........................................25

*Gann v. BAC Home Loans Servicing LP*,
    145 So. 3d 906 (Fla. 2d DCA 2014) .....................................31

*Garrison v. Caliber Home Loans, Inc.*,
    233 F. Supp. 3d 1282 (M.D. Fla. 2017)................................30

*Helman v. Bank of Am.*,
    685 Fed. Appx. 723 (11th Cir. 2017) ...................................31

*Henderson v. Sec. Nat'l Bank*,
    72 Cal. App. 3d 764 (1977) .................................................25

*Kelliher v. Target Nat'l Bank*,
    826 F. Supp. 2d 1324 (M.D. Fla. 2011)................................31

*Marine Midland Bank-Central v. Cote*,
    351 So. 2d 750 (Fla. 1977) ..................................................23

*Michael Lamar Buckner, Esq., Buckner Legal Self-Help Program*,
    5224 N.W. 96 (5224) ............................................................35

*Nixon v. Halpin*,
    620 So. 2d 796 (Fla. 4th DCA 1993) ...................................24

*Northside Motors v. Brinkley*,
    282 So. 2d 617 (Fla. 1973) ..................................................22

*Obdusky v. McCarthy & Holthus, LLP*,
    586 U.S. 466 (2019) ............................................................21

*Quest v. Barnett Bank of Pensacola*,
    397 So. 2d 1020 (Fla. 1st DCA 1981) ..................................26

*Raffa v. Dania Bank*,
    321 So. 2d 83 (Fla. 1975) ....................................................23

*Rhodes-Carroll Furniture Co. v. Webb*,
    230 Ala. 251 (1935)..............................................................25

*Rojas v. Law Offices of Daniel C. Consuegra, P.L.*,
    142 F. Supp. 3d 1206 (M.D. Fla. 2015)................................21

*Sammons v. Broward Bank,*
    599 So. 3d 1018 (Fla. 4th DCA 1992) ....................................23

*Seibel v. Society Lease, Inc.,*
    969 F. Supp. 713 (M.D. Fla. 1997) ...........................21, 28, 30

*Southern Indus. Sav. Bank v. Greene,*
    224 So. 2d 416 (Fla. 3d DCA 1969) .....................................27

*Stone Mach. Co. v. Kessler,*
    1 Wash. App. 750 (1970)......................................................25

*Treadwell v. Ally Bank, 2025 U.S. Dist. LEXIS,*
    190871, 2025 WL 2709938 (M.D. Fla. Jul. 1, 2025) .............21

*Warren v. Countrywide Home Loans, Inc.,*
    342 F. App'x 458 (11th Cir. 2009) ........................................21

*Westbrook v. NASA Fed. Credit Union,*
    799 F. App'x 722 (11th Cir. 2020) ........................................22

*Wright v. Santander Consumer USA, Inc., 2018 U.S. Dist. LEXIS,*
    225408, 2018 WL 2095171 (M.D. Fla. May 1, 2018).......20, 22

## STATUTES

15 U.S.C. § 1692f.........................................................................22

Florida Statutes 559.77 ...............................................................30

Florida Statutes 679.609 .............................................................22

**FEDERAL RULES**

Fed. R. App. P. 32 ..............................................................34

Fed. R. Civ. P. 50 ..........................................................13, 17

Fed. R. Civ. P. 59 ..........................................................16, 17

Fed. R. Civ. P. 60 ..............................................................16

## STATEMENT REGARDING ORAL ARGUMENT

Appellee states that it does not request oral argument.

## STATEMENT OF THE CASE

### I.    Course of proceedings and dispositions below

Rapid Recovery states that McClain's brief sufficiently states the course of proceedings and dispositions below.

### II.    Statement of facts

McClain's brief does not contain a statement of facts as required under 11th Cir. R. 28-1(h)(ii). Thus, Rapid Recovery provides the following statement of facts.

McClain sued Rapid Recovery and Ally Bank, with its operative Second Amended Complaint arguing counts against Rapid Recovery for Violation of the Federal Fair Debt Collection Practice Act, Breach of the Peace, and Violation of the Florida Consumer Collection Practices Act. (DE 43). McClain alleged that he leased a vehicle, with Ally financing the lease. (DE 43). McClain alleged that, after a payment dispute with Ally arose, Rapid Recovery repossessed the vehicle. (DE 43). Among other allegations, McClain alleged that Rapid Recovery breached the peace when it repossessed the vehicle by damaging the driveway and lawn of McClain's residence. (DE 43).

Rapid Recovery answered the Second Amended Complaint. (DE 44). Rapid Recovery's primary defenses were that it is not a debt collector as defined by either Federal or Florida law, and that the de minimis damages to McClain's landscaping is not a breach of the peace. (DE 44).

McClain and Ally reached a settlement before trial. (DE 46, 55).

The pretrial stipulation established the following relevant uncontested facts. (DE 63). McClain resided at no cost at his residence with his then-girlfriend. (DE 63). The residence was owned by the girlfriend's grandparents. (DE 63). McClain's vehicle lease authorized the lender and its agents to access McClain's residence to repossess the vehicle. (DE 63). McClain defaulted on his obligations under the lease, and Ally sent him letters advising him that Ally may exercise its right to repossess the vehicle. (DE 63). Ally hired Rapid Recovery to repossess the vehicle. (DE 63). Rapid Recovery repossessed the vehicle from McClain's residence on January 15, 2024. (DE 63).

A jury trial was held before District Judge William P. Dimitrouleas. (T. 1–223).

Corey McClain testified that he was living at his girlfriend's grandparents' home when his vehicle was repossessed. (T. 149–51). The grandparents alerted McClain that his car was being towed. (T. 151). McClain went outside and saw "the vehicle already lifted off the ground." (T. 151). McClain testified:

> I walked over to the driver of the tow truck, and I tried to explain to him, like, "Hey, I made this payment, and I made sure I got it in."
>
> And he was like, "Yeah, that's a problem between you and the bank," and he clearly took the car. And I asked him if there's anything I could grab out of it before he goes. And, yeah, he grabbed my belongings and then he drove off with the vehicle.

(T. 152). McClain admitted that he was inside the house when the vehicle was secured by the repossession truck. (T. 163). McClain admitted that "there was no commotion, no altercation, no disorderly fight" with the truck driver. (T. 163). McClain also admitted that he surrendered the car's key to the driver. (T. 168).

McClain admitted that the lease agreement states that the lessor and its agents have the right to access any property where McClain lives to repossess the car. (T. 160–61).

After the tow truck left, McClain noticed damage to the driveway. (T. 153). McClain saw "a foot and a half long" scratch on

the pavers, as well as damage to rocks and the grass. (T. 154–55). But McClain admitted that the driveway was damaged as the driver drove away, and thus there was no plausible way the driver could have known about the driveway damage. (T. 164–65).

McClain panicked when he received the estimate to fix the pavers: "[I]t's a lot of money for the pavers. . . . I thought it wasn't going to be that much." (T. 153–54).

McClain testified that the damaged pavers have not been repaired. (T. 155). McClain admitted on cross-examination that he is suing for the damages to the pavers under his own name, even though his girlfriend's grandfather has made no claims for the damages to the driveway. (T. 161–62).

McClain's mother, Crystal Combs, testified that she went to his residence after McClain called her to let her know that his car had been towed. (T. 100–01). Combs observed "large scrapes in the pavers in two different areas," and damage to the grass. (T. 101). Combs saw that approximately seven or eight pavers were damaged. (T. 102). Combs admitted that neither she nor McClain paid for any repairs to the pavers. (T. 124–25).

McClain's girlfriend, Kaylee DeOliveira, testified that she was home with McClain on the date the car was repossessed. (T. 133). After learning from her grandparents that the car was being repossessed, DeOliveira and McClain went outside. (T. 133). The tow truck had already lifted the car off the ground (T. 133). "[B]y the time we walked outside, like the car was already halfway up off the ground. So the towing itself, the lifting of the car itself, was already done. All he really had to do was drive off with the car." (T. 139). DeOliveira confirmed that there was no altercation with the tow truck driver. (T. 139–40).

DeOliveira testified that McClain "went over to talk to the truck driver and see what was going on and see if he could get any information about what's happening and just trying to get the stuff out of the car." (T. 133). DeOliveira testified that she and McClain "were able to get . . . most of our belongings out of the car" before it was towed away. (T. 147).

DeOliveira testified that the tow truck caused several "scuff marks" in the driveway and on decorative stones by the driveway, and lifted up "a good one-by-one patch of my grass." (T. 135–36).

Excerpts from the deposition of Michael Constantino, DeOliveira's grandfather, were read at trial. (T. 171). Constantino testified that the scratches to the stones were "really superficial . . . it's no big deal. They were . . . just disturbed, that's all." (T. 173–74). Constantino described the damages to the lawn as a scratch that grows back, and that "it wasn't a big deal to me." (T. 174).

After McClain rested his case, Rapid Recovery moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. Rapid Recovery argued that it could only be held liable to McClain had it breached the peace, and that the minor damage caused by the tow truck did not constitute a breach of the peace. (T. 179–81).

During argument on the motion, the district court observed:

> This is a driveway out in front of the house. They've
> got the car up on the lift before anybody inside the
> house is aware of it. And by the time they come out,
> there's an amicable exchange. The tow truck driver
> says, "Hey, you've got to take it up with the bank."
> Lets him take some of the clothes out of the car,
> some of the belongings out of the car, and drives
> away. And the damage to the driveway and to the
> lawn isn't even noticed until after he drives away.
> So I'm having a tough time understanding how
> that's a breach of the peace. To me, breach of the
> peace is a commotion that causes people to, you
> know, gather. And it's a dangerous situation. And
> that's why the law says you can't have breaches of
> the peace.
>
> . . .
>
> But, you know, tearing up somebody's property
> without them even knowing it to me isn't breach of
> the peace.
>
> . . .
>
> [I]f it would be a violation of Fair Debt Collection
> Practices Act for someone to go and take someone's
> property and in doing so cause even slight damage
> to the property, then that would be the end of self-
> help repossession.

(T. 185–87).

The district court granted the motion. (T. 189). The district court "found, as a matter of law, what happened here is not a breach of the peace . . . ." (T. 190).

The district court issued a written order memorializing its order granting Rapid Recovery's motion for judgment as a matter of law. (DE 81). The district court ruled that, to succeed on a claim under the Fair Debt Collection Practices Act, the plaintiff must prove that the defendant is a "debt collector" as defined in the Act. (DE 81). In general, a repossession agency is not a debt collector under the Act. (DE 81). The district court noted that the Eleventh Circuit has suggested the possibility of a limited exception that deems a repossession company to be a debt collector if the company violates the applicable state self-help law. (DE 81).

The district court observed that Florida's self-help statutes allow a secured party, after default, to take possession of the collateral if it proceeds without breach of the peace. (DE 81). The district court found: "A breach of the peace involves an altercation, argument, or challenge to the repossession, and typically looks like yelling, violence or threatened violence, and general disturbance." (DE 81). The district court found that there was no evidence of any

altercation in this case between McClain and the repossessing agent. (DE 81). The district court rejected McClain's argument that simple negligence can constitute a breach of the peace. (DE 81).

After the district court entered its judgment (DE 82), McClain filed a "motion to set aside final judgment," purporting to seek relief under Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60. (DE 90). McClain's motion disputed the district court's conclusion that simple negligence cannot constitute breach of the peace, among other arguments. (DE 90).

The district court treated McClain's motion as a motion for reconsideration of the order granting motion for judgment as a matter of law, and denied the motion for reconsideration. (DE 95). The district court found that because motion for reconsideration sought "to relitigate issues already decided or launch new arguments not previously asserted," it could deny the motion on this basis alone. (DE 95). The district court also rejected McClain's reconsideration arguments on their merits. (DE 95).

### III.   Standard of review

Rapid Recovery agrees that the de novo standard of review applies to the district court's granting of judgment as a matter of law under Federal Rule of Civil Procedure 50.

Rapid Recovery states that the standard of review of a denial of a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59 is abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Rapid Recovery agrees that the standard of review of a denial of a motion for reconsideration is abuse of discretion.

## SUMMARY OF ARGUMENT

The district court did not err by granting Rapid Recovery's motion for judgment as a matter of law at trial.

McClain failed to show that Rapid Recovery violated the Fair Debt Collection Practices Act (FDCPA). Repossession companies such as Rapid Recovery are generally not liable under the FDCPA, unless they violate a state self-help law when performing the repossession.

Under Florida law, a secured party can take possession of collateral without judicial process if it proceeds without breach of the peace. Merely repossessing a vehicle from a driveway is not a breach of the peace. A breach of the peace occurs only if the repossessor commits an unlawful trespass, uses force, or exerts wrongful pressure on the debtor. Nothing in the caselaw suggests that incidental damage caused while repossessing a vehicle constitutes a "breach of the peace" that could hold a repossession agency liable under FDCPA. Therefore, the district court correctly determined that Rapid Recovery was not liable under FDCPA because the damage to the driveway and landscaping here did not constitute a breach of the peace.

McClain also failed to show that Rapid Recovery violated the Florida Consumer Collections Practices Act (FCCPA). The elements for a claim under the FCCPA are substantially the same as under the FDCPA. Thus, a business that repossesses vehicles does not meet the statutory definition of a debt collector under the FCCPA.

Because the district court did not err when it granted Rapid Recovery's motion for judgment as a matter of law, the district court's judgment should be affirmed.

## ARGUMENT

## I.  The district court did not err by granting Rapid Recovery's motion for judgment as a matter of law

### A. There was no violation of the Fair Debt Collection Practices Act because there was no breach of the peace

A repossession company such as Rapid Recovery is generally not liable under the Fair Debt Collection Practices Act (FDCPA) because such companies do not meet the statute's definition of a debt collector. An exception may exist if a repossession company violates a state self-help law. But any such exception does not apply here, because no trial evidence suggested that Rapid Recovery breached the peace when it repossessed McClain's vehicle. Incidental property damage caused during a repossession is not a breach of the peace. The district court thus correctly granted judgment as a matter of law for Rapid Recovery on this claim.

A plaintiff must prove three elements to succeed on an FDCPA claim: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Wright v. Santander Consumer USA, Inc.*, 2018 U.S. Dist. LEXIS 225408, 2018 WL

2095171 (M.D. Fla. May 1, 2018) (quoting *Rojas v. Law Offices of Daniel C. Consuegra, P.L.*, 142 F. Supp. 3d 1206, 1211 (M.D. Fla. 2015)).

Whether Rapid Recovery can be considered a debt collector under the FDCPA is dispositive here. A business with a primary purpose of enforcing security interests does not meet the primary definition of "debt collector" under the FRCPA. *Obdusky v. McCarthy & Holthus, LLP*, 586 U.S. 466, 468–69, 474–76 (2019). In general, a repossession agency is not a "debt collector" under the FDCPA. *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x. 458, 460 (11th Cir. 2009). A defendant in the business of repossessing vehicles falls outside the general definition of a "debt collector" under the FDCPA. *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 716–17 (M.D. Fla. 1997). Recovery agencies that tow away vehicles are considered to be "security-interest enforcers," and thus do not meet the FDCPA's definition of "debt collector." *Treadwell v. Ally Bank*, 2025 U.S. Dist. LEXIS 190871, 2025 WL 2709938 (M.D. Fla. Jul. 1, 2025).

This Court has addressed the possibility that a repossession agency could be held liable under the FDCPA if it violates the

applicable self-help law, thus losing the "present right to repossess" a vehicle under 15 U.S.C. § 1692f(6). *Westbrook v. NASA Fed. Credit Union*, 799 F. App'x 722, 724 (11th Cir. 2020) (assuming for the sake of argument that a breach of the peace under Alabama law would cause a repossession agency to lose the present right to repossess collateral). Several district courts have also concluded that violation of a state self-help statute by "breaching the peace" can make a repossession agency liable under 15 U.S.C. § 1692f(6). *Wright v. Santander Consumer USA, Inc.*, 2018 U.S. Dist. LEXIS 225408, 2018 WL 2095171 (M.D. Fla. May 1, 2018) (collecting cases).

Florida law allows a secured party to take possession of collateral without judicial process "if it proceeds without breach of the peace." Section 679.609, *Florida Statutes*. The Florida Supreme Court has held that merely repossessing a vehicle from a driveway does not breach the peace, absent other circumstances such as the debtor's objection. *Northside Motors v. Brinkley*, 282 So. 2d 617, 624–25 (Fla. 1973). A breach of the peace occurs if the creditor commits an unlawful trespass, uses force, or exerts wrongful pressure on the debtor. *Id.* at 625. Florida's district courts of appeal

have likewise held that merely repossessing a car from a driveway is not a breach of the peace. *Marine Midland Bank-Central v. Cote*, 351 So. 2d 750 (Fla. 1977); *Raffa v. Dania Bank*, 321 So. 2d 83, 85 (Fla. 1975).

Florida's appellate opinions also provide several examples of what does constitute breach of the peace:

- In *Daniel v. Morris*, 181 So. 3d 1195 (Fla. 5th DCA 2015), a plaintiff stated a claim for breach of the peace by alleging that a repossession agent entered the plaintiff's premises, ignored a request to leave, forced his way onto the bus, and made physical contact with the plaintiff.

- In *Sammons v. Broward Bank*, 599 So. 3d 1018 (Fla. 4th DCA 1992), a plaintiff stated a claim for breach of the peace where the creditor's agents in attempting a repossession slashed the car's tires and pursued the debtor down the road.

- In *Nixon v. Halpin*, 620 So. 2d 796 (Fla. 4th DCA 1993), issues of fact existed on whether a repossessing agent breached the peace by striking the debtor with the repossessed car when the debtor attempted to stop the agent from leaving with the car.

- In *C.I.T. Corp. v. Brewer*, 146 Fla. 247 (1941), a repossession agent breached the peace by attempting to repossess a vehicle over the objection of a repair shop owner who was in lawful possession of the vehicle, and by striking or kicking the repair shop owner.

Courts have also ruled that a breach of the peace occurs when a repossession takes place over a debtor's objection. In *Byrd v. Hyundai Motor Fin.*, 2023 U.S. Dist. LEXIS 219642, 2023 WL 8543709 (M.D. Fla. Dec. 11, 2023), a plaintiff stated a claim for breach of the peace by alleging that her vehicle was repossessed over her objection, while she sat inside her vehicle attempting to make the payment.

McClain's brief discusses several cases from other states that have evaluated whether a breach of the peace occurred during a repossession. (McClain Brief at 28–29). But like the Florida authority cited above, the breaches of the peace in these cases involved trespass (*Davenport v. Chrysler Credit Corp.*, 818 S.W. 2d 23 (Tenn. Ct. App. 1991); *Henderson v. Sec. Nat'l Bank*, 72 Cal. App. 3d 764 (1977)); debtor objection to the repossession (*Fulton v. Anchor Sav. Bank*, 452 S.E. 2d 208 (Ga. App. 1994)); intimidation by the repossessor (*Stone Mach. Co. v. Kessler*, 1 Wash. App. 750 (1970)); or fraud (*Barham v. Standridge*, 201 Ark. 1143 (1941); *Rhodes-Carroll Furniture Co. v. Webb*, 230 Ala. 251 (1935)). Thus, these out-of-state cases do not support McClain's argument that a breach of the peace occurred here.

The facts here show that the repossession of McClain's vehicle did not constitute a breach of the peace under any of the authorities cited above. The evidence at trial showed that by the time McClain became aware of the repossession, his vehicle had already been secured by the tow truck. (T. 133, 139, 151). McClain did not object to the repossession, and surrendered the keys to the tow truck driver. (T. 151–52, 168). The driver allowed McClain and

his girlfriend to secure personal property from the vehicle before its repossession. (T. 147, 151–52). "[T]here was no commotion, no altercation, no disorderly fight" with the driver. (T. 163; *see also* T. 139–40). As a result, the repossession here did not involve any of the traits of a breach of the peace: there was no trespass, no threat, no violence, and no objection by the debtor.

Despite the overwhelming caselaw showing that no breach of the peace occurred here, McClain argues that the incidental damage caused when the tow truck pulled out of the driveway constitutes a breach of the peace. But no court interpreting Florida law has ever ruled that incidental damage caused during a repossession constitutes a breach of the peace. The cases McClain cites for this proposition are distinguishable.

In *Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020 (Fla. 1st DCA 1981), the plaintiff met her burden at trial to show a breach of the peace because the bank's agents forced their way into a business's premises without authorization, used deception to gain access to the premises, and scattered the business's records on the floor. *Quest*'s statement that a breach of the peace can occur if the debtor's property is damaged during repossession was thus made in

the context of a forceful and deceptive repossession that undisputably met the standards for a breach of the peace. This statement is not a holding that incidental property damage can constitute a breach of the peace.

In *Southern Indus. Sav. Bank v. Greene*, 224 So. 2d 416 (Fla. 3d DCA 1969), a bank's agent used an extra key in its possession to repossess a vehicle parked in the parking lot at the debtor's workplace. The agent peaceably repossessed the vehicle without the debtor's knowledge, who remained inside her workplace. *Id.* at 417. The agent left the car in the custody of a used car dealer. *Id.* Four days later, the debtor informed the bank that she had stored a small package of cash and jewelry in the trunk. *Id.* When the debtor and the bank went to the used car dealer, the jewelry and cash were missing. *Id.* The trial court found the bank liable for the loss. *Id.* The appellate court affirmed, finding that under the unique factual situation in the case, a constructive bailment existed which gave the bank a duty of care to protect the property. *Id.* at 418–19.

*Southern Industrial* does not support McClain's arguments because there was no breach of the peace committed during the repossession in that case. The bank's negligence thus did not arise

from the repossession itself, but rather from the negligent storage of the vehicle after the repossession took place. *Southern Industrial* thus cannot suggest that incidental damage caused during a repossession constitutes a breach of the peace.

McClain also argues that the repossession breached the peace because McClain claimed to the driver that he had made a payment to the bank. As the district court correctly observed: "Extending the statute to this situation would effectively eliminate [a] creditor's right to use self-help mechanisms to repossess a vehicle. . . . [A]dvising the repo man that a payment has been made or will be forthcoming in the face of a repossession, by itself, does not become a breach of the peace when the vehicle is then repossessed." (DE 95). The district court's ruling is not contrary to *Seibel v. Society Lease*, 969 F. Supp. 713 (M.D. Fla 1997), because the plaintiff in *Seibel* alleged several other facts at the motion to dismiss stage that could constitute a breach of the peace.

As a result, the district court correctly ruled that no breach of the peace occurred here as a matter of law. None of the cases McClain cited either to the district court or on appeal suggest that negligent damage[1] caused during a repossession constitutes a breach of the peace. Therefore, the district court properly entered a judgment as a matter of law for Rapid Recovery on the FDCPA claim.

---

[1] McClain argues that the district court erred by not citing the damages to the pavers in its ruling. (McClain Brief 38–40). This argument lacks merit, as the record shows that the district court considered the damage to the pavers in reaching its ruling. This issue is also irrelevant given that the district court's ruling that negligent damage caused during a repossession is not a breach of the peace did not depend on the extent or the dollar amount of the damages.

## B. There was no violation of the Florida Consumer Collections Practices Act

McClain also argues that Rapid Recovery's repossession of the vehicle violated the Florida Consumer Collections Practices Act (FCCPA), Section 559.77, *Florida Statutes*. The district court correctly found that McClain made no showing of a FCCPA violation in this case.

The elements for a claim under FCCPA are substantially the same as under the FDCPA. *Bartine v. Diamond Resorts Mgmt.*, 2019 U.S. Dist. LEXIS 239001, 2019 WL 12536565 (M.D. Fla. Jun. 13, 2019) (citing *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1290 (M.D. Fla. 2017)). A business that repossesses vehicles does not meet the statutory definition of a debt collector under the FCCPA. *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 716–17 (M.D. Fla. 1997). Thus, the district court correctly ruled that McClain failed to show "that the standard for who qualifies as a 'debt collector' under the FDCPA differs from that under the FCCPA." (DE 81).

McClain argues that the FCCPA is broader than the FDCPA because it applies to any "person" collecting a consumer debt. (McClain Brief at 42). This distinction allows original creditors to be held liable under FCCPA, but not FDCPA. *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906 (Fla. 2d DCA 2014). But none of the cases cited by McClain suggest that repossession of a vehicle constitutes collection of a consumer debt under the statute. *See, e.g., Gann*; *Alhassid v. Nationstar Mortg., LLC*, 771 Fed. Appx. 965, 968–69 (11th Cir. 2019); *Helman v. Bank of Am.*, 685 Fed. Appx. 723, 726–27 (11th Cir. 2017); *Kelliher v. Target Nat'l Bank*, 826 F. Supp. 2d 1324, 1327–28 (M.D. Fla. 2011).

The district court's ruling on the FCCPPA claim can also be affirmed because McClain failed to timely make this argument in the district court. As the district court observed in denying reconsideration, McClain did not make "any separate argument under the FCCPA throughout this entire proceeding." (DE 95). "[D]istrict courts act well within their discretion when they refuse to consider arguments that a party made for the first time in a motion for reconsideration." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222,

1235 (11th Cir. 2020). It was improper for McClain to raise this argument for the first time in his motion for reconsideration.

## CONCLUSION

The district court correctly granted Rapid Recovery's motion for judgment as a matter of law. Because Rapid Recovery did not breach the peace as a matter of law, it was not liable under either the FDCPA or the FCCPA. Therefore, the judgment should be affirmed.

Respectfully submitted,

*/s/ Scott J. Edwards*
Scott J. Edwards, Esq.
scott@scottjedwards.com
Florida Bar No.: 40958
Scott J. Edwards, P.A.
150 E. Palmetto Park Road,
Suite 800
Boca Raton, FL 33432
Phone: 561-609-0760
*Attorney for Appellee,*
*Rapid Recovery Agency, Inc.*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B). This document contains 4464 words, excluding the items identified in Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac version 16.103.2 in 14-point Bookman Old Style Font.

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been filed served via the Court's CM/ECF system on December 12, 2025, to:

Michael Lamar Buckner, Esq., Buckner Legal Self-Help Program, 5224 NW 96th Dr, Coral Springs, FL 33076-2487, michaelbucknerlaw@gmail.com
(Counsel for Appellant)

*/s/ Scott J. Edwards*
Scott J. Edwards, Esq.
scott@scottjedwards.com
Florida Bar No.: 40958
Scott J. Edwards, P.A.
150 E. Palmetto Park Road, Suite 800
Boca Raton, FL 33432
Phone: 561-609-0760
*Attorney for Appellee, Rapid Recovery Agency, Inc.*