Case No.: 25-12600

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

COREY L. MCCLAIN,

*Plaintiff-Appellant,*

v.

RAPID RECOVERY AGENCY, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No.: 0:24-cv-60093-WPD

_____

APPELLANT'S REPLY BRIEF

_____

<div style="margin-left:40%">

Michael L. Buckner, Esquire
Florida Bar No. 106331
**Buckner Legal Self-Help Program, Inc.**
5224 NW 96th Drive
Coral Springs, Florida 33076-2487
Office: +1-954-347-0112
Email: michaelbucknerlaw@gmail.com

*Attorney for the Appellant,*
*Corey L. McClain*

</div>

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE ENTITIES STATEMENT

Counsel for Appellant certifies the following persons and entities may have an interest in the outcome of this case:

1.  Ally Financial, Inc., Defendant (former) [NYSE: ALLY]

2.  Michael L. Buckner, Attorney for Plaintiff-Appellant

3.  Buckner Legal Self-Help Program, Inc., Plaintiff-Appellant's Law Firm

4.  Cory S. Carano, Attorney for Defendant-Appellee Rapid Recovery

5.  William P. Dimitrouleas, U.S. District Judge

6.  Erin E. Edwards, Attorney for Defendant (former) Ally Financial

7.  Scott Edwards, Attorney for Defendant-Appellee Rapid Recovery

8.  Scott J. Edwards, P.A., Defendant-Appellee Rapid Recovery's Law Firm

9.  Dorrella L. Gallaway, Attorney for Defendant (former) Ally Financial

10. J. Conrad Grant, Attorney for Defendant-Appellee Rapid Recovery

11. Patrick M. Hunt, U.S. Magistrate Judge

12. Eli Kaplan, Attorney for Defendant (former) Ally Financial

13. Kelley Grant & Tanis, P.A., Defendant-Appellee Rapid Recovery's Law Firm

14. Law Office of Coleman & Associates, PA, Defendant-Appellee Rapid Recovery's Law Firm

15. Corey L. McClain, Plaintiff-Appellant

16. Rapid Recovery Agency, Inc., Defendant-Appellee

17. Ellen Rassie, Court Reporter

18. Gina Paola Rodriguez, Court Reporter

19. Troutman Pepper Locke LLP, Defendant (former) Ally Financial's Law Firm

20. Appellant is unaware of any parent corporations and publicly-held corporations that own 10% or more of Appellant's or Appellee's stock.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE ENTITIES STATEMENT................................................................................................. i

TABLE OF CONTENTS ............................................................................... iii

TABLE OF AUTHORITIES........................................................................... v

PREFACE.................................................................................................... vii

ARGUMENT ............................................................................................... 1

I.  APPELLEE ERRED IN CONCLUDING INCIDENTAL DAMAGE THAT OCCURS DURING A SELF-HELP REPOSSESSION DOES NOT CONSTITUTE A "BREACH OF THE PEACE" UNDER FLORIDA LAW... 1

   A.  Introduction. .......................................................................... 1

   B.  Appellee's Actions Caused Damage During the Repossession, Which Constitute a "Breach of the Peace" Under Florida Law. .............. 2

   C.  Appellee's Tacit Approval of Selected Passages of the District Court's *Ore Tenus* Rationale Behind Granting the Rule 50 Motion is Inconsistent With Florida Law. ................................................. 6

   D.  Appellee Incorrectly Supports the District Court's Rule 50 Order, Which Relied on an Analogy Decision-Making Approach, When the District Court Should Have Depended on Legal Principles Derived from "Breach of the Peace" Opinions of Florida District Courts of Appeals.... 7

II.  APPELLEE MISTAKENLY ARGUES, AND AGREES WITH THE DISTRICT COURT, THAT A VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT DID NOT OCCUR IN THIS CASE... 11

   A.  Introduction. ......................................................................... 11

   B.  Since the FCCPA Applies to a "Person," Appellee Falls Under the Statute. ................................................................................ 11

   C.  Appellee and the District Court Were Incorrect in Claiming Appellant Failed to Make an FCCPA Argument Prior to His Rule 59/60 Motion. . 13

   D.  Appellant's FCCPA Argument was Timely. ................................. 13

CONCLUSION ............................................................................... 15

<h1>TABLE OF AUTHORITIES</h1>

## CASES

Daniel v. Morris, 181 So. 3d 1195 (Fla. 5th DCA 2015) ....................2, 10-11

Davenport v. Chrysler Credit Corp., 818 S.W. 2d 23 (Tenn. Ct. App. 1991) ................................................................................................4-5

Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906 (Fla. 2d DCA 2014) .................................................................................. 12

Kemp v. United States, 142 S. Ct. 1856 (2022)......................................... 14

Morgan v. Wilkins, 74 So. 3d 179 (Fla. 1st DCA 2011) .............................. 12

Nixon v. Halpin, 620 So. 2d 796 (Fla. 4th DCA 1993) .......................2, 10-11

Quest v. Barnett Bank of Pensacola, 397 So. 2d 1020 (Fla. 1st DCA 1981) ...................................................................................................2, 10

Rankin v. Evans, 133 F. 3d 1425 (11th Cir. 1998)...................................... 14

Sammons v. Broward Bank, 599 So. 2d 1018 (Fla. 4th DCA 1992) .......... 10

Schauer v. Gen. Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002) ......................................................................................................... 12

Seibel v. Society Lease, Inc., 969 F. Supp. 713 (M.D. Fla. 1997).............. 12

Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F. 2d 678 (11th Cir. 1983) ............................................................................................................. 7

Southern Industrial Savings Bank v. Greene, 224 So. 2d 416 (Fla. 3d DCA 1969) ...............................................................................................3-4, 10

Williams v. Singletary, 78 F. 3d 1510 (11th Cir. 1996) ...........................9-10

## FEDERAL STATUTES

15 U.S.C. § 1692 (as well as any references to the Fair Debt Collection Practices Act or the FDCPA)...............................................................1, 6, 14

## FLORIDA STATUTES

§§ 559.55-559.785, Fla. Stat. (as well as any reference to the Florida Consumer Collection Practices Act or the FCCPA)........................11-13, 15

## FEDERAL RULES OF PROCEDURE

Federal Rule of Civil Procedure 50 ........................................................6, 14

Federal Rule of Civil Procedure 59 ...........................................................14

Federal Rule of Civil Procedure 60 ...........................................................14

## LEGAL ARTICLES

Emily L. Sherwin, "Do Precedents Constrain Legal Decision-Making?," Cornell Legal Studies Research Paper 22-14 (Apr. 5, 2022), forthcoming in Timothy Endicott, Hafsteinn Kristjansson & Sebastian Lewis, eds., Philosophical Foundations of Precedent (Oxford University Press Jul. 18, 2023). ..........................................................................................8-9

## **PREFACE**

The briefs filed by the parties in this appeal shall be cited as follows: (1) Appellant's Opening Brief, which was entered on November 21, 2025, shall be cited herein as "Br. at __."; and (2) Appellee's Answer Brief, which was entered on December 12, 2025, shall be cited herein as "Ans. Br. at __."

The record of the proceedings before the Honorable William P. Dimitrouleas, District Judge, United States District Court for the Southern District of Florida (the "District Court") shall be referenced to the appropriate page of the supporting Appendices. The Appendices shall be cited herein as: (1) Appellant's Appendix shall be cited herein as "Doc. at __."; and (2) Appellant's Supplemental Appendix shall be cited herein as "Supp. Doc. at __."

The orders and judgment of the District Court shall be referenced as follows: (1) Order Granting Defendant's Motion for Judgment as a Matter of Law [Doc. 81] shall be referenced herein as the "Rule 50 Order"; (2) Final Judgment and Order Closing Case [Doc. 82] shall be referenced herein as the "Final Judgment"; and (3) Order Denying Motion for Reconsideration [Doc. 95] shall be referenced herein as the "Rule 59/60 Order."

**ARGUMENT**

**I.     APPELLEE ERRED IN CONCLUDING INCIDENTAL DAMAGE THAT OCCURS DURING A SELF-HELP REPOSSESSION DOES NOT CONSTITUTE A "BREACH OF THE PEACE" UNDER FLORIDA LAW.**

**A.     Introduction.**

In its Answer Brief, Appellee correctly summarizes that repossession companies are "generally not liable under the" Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") since such entities "do not meet the statute's definition of a debt collector. An exception may exist if a repossession company violates a state self-help law." Ans. Br. at 20.

However, Appellee erroneously concludes "any such exception does not apply here, because no trial evidence suggested that Rapid Recovery breached the peace when it repossessed McClain's vehicle. **Incidental property damage** caused during a repossession is not a breach of the peace." Ans. Br. at 20 (emphasis added).

Finally, Appellee concludes the District Court "correctly granted judgment as a matter of law for Rapid Recovery on this claim." Ans. Br. at 20.

As discussed in greater detail below, Appellee's argument is misaligned in three ways. <u>See</u> Argument, Sections I-B, I-C and I-D, *infra*.

**B.** **Appellee's Actions Caused Damage During the Repossession, Which Constitute a "Breach of the Peace" Under Florida Law.**

Appellee contends "no court interpreting Florida law, has ever ruled that **incidental damage** caused during a repossession constitutes a breach of the peace." Ans. Br. at 26 (emphasis added). Appellee's claim ignores three developments of the Florida common law.

First, the Florida Supreme Court and state districts court of appeal have not issued an opinion that explicitly limits the occurrence of a "breach of the peace" only to instances where the creditor or repossession agent cause more than nominal, incidental or minimal repossession-related damages. Further, Appellant's research has not discovered a published decision in which a Florida court held a "breach of the peace" claim can only proceed if the debtor's repossession-related damages are equal to, or more than, a set valuation. Conversely, Florida courts have repeatedly determined a creditor is liable for "any negligence" and "for [any] injury" that may occur during a self-help repossession. See Daniel v. Morris, 181 So. 3d 1195, 1198 (Fla. 5th DCA 2015); Nixon v. Halpin, 620 So. 2d 796, 798 (Fla. 4th DCA 1993); Quest v. Barnett Bank of Pensacola, 397 So. 2d 1020, 1024 (Fla. 1st DCA 1981).

Second, although the Florida Supreme Court or a state district court of appeal has not addressed a self-help repossession case with the same or

similar damage-related facts as those in this case, at least one Florida appellate court evaluated a case featuring a "breach of the peace" that resulted in what could be described as nominal damages.

Specifically, the Florida Third District Court of Appeal in <u>Southern Industrial Savings Bank v. Greene</u>, 224 So. 2d 416 (Fla. 3d DCA 1969), involved an appeal of a lawsuit brought by the debtor to recover damages incurred when a bank "peaceably repossessed an auto containing the plaintiff's valuables," which consisted of "jewelry and cash." <u>Id.</u> at 417. The valuables were missing from the auto after the repossession. <u>Id.</u> The debtor was "awarded damages in the sum of $5,600.00, plus costs and interest" after a trial. <u>Id.</u> at 418.

To determine whether the creditor bank was liable, the <u>Greene</u> Court elected to place the bank and its repossession agent in a role similar to that of a bailee and imposed a non-delegable duty on the repossessing creditor to exercise some degree of care. The court opined a repossessing creditor or its agent has a duty not to: (1) "damage[] property"; (2) commit "any negligence" that results in damage; or (3) harm the debtor or third-parties. <u>Id.</u> at 418-19. The <u>Greene</u> Court concluded the bank was liable under the principle. <u>See</u> <u>id.</u> at 419.

Most importantly, the Greene Court reversed for further proceedings as to damages since "the record shows a deficiency in the plaintiff's case as to the value of the converted property," which consisted of "second-hand and aged" items that had depreciated or were damaged or decayed. Id. at 419. Thus, the $5,600.00 in damages awarded by the trial court would likely be reduced after remand.

Further, an appellate decision from an out-of-state court, which comprises the only published opinion Appellant identified during research that involved damage to a driveway during a self-help repossession, may be helpful in this case. Specifically, the Tennessee Court of Appeals in Davenport v. Chrysler Credit Corp., 818 S.W. 2d 23 (Tenn. Ct. App. 1991), reviewed a case involving a repossession agency, which was hired by the creditor, that repossessed a vehicle out of a debtor's closed garage after cutting two padlocks that were used to chain the auto by its rear end to a garage post. Id. at 26, 30. The Davenport Court concluded "[d]espite the absence of violence or physical confrontation, entering the closed garage and cutting the lock amounted to a breach of the peace." Id. at 30. However, the Davenport Court found "the [debtors] are only entitled to recover their damages stemming directly from the manner in which [the repossession agency] repossessed their automobile." Id. at 32. The Davenport Court noted

since the "[debtors'] only proof concerning these damages is a broken lock and minor, cosmetic damage to their driveway," then "the [debtors] are entitled to recover only" the minimum penalty under the state repossession statute. Id.

Third, the legal principle in <u>Greene</u> supports a "breach of the peace" finding in this case for two reasons. One, the evidence introduced at trial demonstrated that Appellee breached its nondelegable duty of care when its agent caused damage to third-party Michael Costantino's driveway, grass and decorative stones. <u>See</u> Br. at 32-34; id. at 38-40. Two, Appellee's characterization that the damage to the driveway is "incidental" (which mimics the District Court's finding of "slight damage" [<u>see</u> Doc. 106 at 187, lines 9-14]) is rebutted by the $15,300 estimate from a paver company to repair the damage. <u>See</u> Br. at 33; Docs. 74-2, 74-3 and 106 at 113.

Based on the above, and contrary to Appellee's claims, the District Court should be reversed regardless of whether the damages in this case are deemed nominal, incidental or slight.

**C. Appellee's Tacit Approval of Selected Passages of the District Court's *Ore Tenus* Rationale Behind Granting the Rule 50 Motion is Inconsistent With Florida Law.**

In the Answer Brief, Appellee presented, in support of, selected portions of the District Court's *ore tenus* rationale endorsing Appellee's Federal Rule of Civil Procedure 50 Motion, including the following:

- "And the damages to the driveway and to the lawn isn't even noticed until after he drives away. So I'm having a tough time understanding how that's a breach of the peace. To me, breach of the peace is a commotion that causes people to, you know, gather. And it's a dangerous situation. And that's why the law says you can't have breaches of the peace."

- "But, you know, tearing up somebody's property without them even knowing it to me isn't breach of the peace."

- "[I]f it would be a violation of Fair Debt Collection Practices Act for someone to go and take someone's property and in doing so cause even slight damage to the property, then that would be the end of self-help repossession."

Ans. Br. at 14 (*quoting* Doc. 106 at 185, lines 17-25; id. at 186, lines 20-22; id. at 187, lines 10-14).

Based on a reasonable appraisal of the record, the District Court is in error because: (1) a Florida court has not set forth a requirement that, in order for a "breach of the peace" claim to be viable, the debtor must notice the repossession-related damage when the creditor or repossession agent creates the damage [Argument, Section I-B, *supra*; Br. at 19-28]; (2) state district courts of appeal do not limit instances where a "breach of the peace"

occurred in only dangerous situations [Argument, Section I-B, *supra*; Br. at 31-32]; (3) state district courts of appeal have not set a minimum damage valuation for "breach of the peace"/self-help repossession cases [Argument, Section I-B, *supra*; Br. at 31-32]; and (4) it is not within the purview of a federal court to fashion a ruling to preserve repossession agencies' role in self-help repossessions if such a notion was not previously embedded in a state court decision [see Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F. 2d 678, 690 (11th Cir. 1983) (noting court bound to follow state court precedent "whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates")].

**D.    Appellee Incorrectly Supports the District Court's Rule 50 Order and Rule 59/60 Order, Which Relied on an Analogy Decision-Making Approach, When the District Court Should Have Depended on Legal Principles Derived from "Breach of the Peace" Opinions of Florida District Courts of Appeals.**

Appellee contends the District Court's rulings were correct because "the repossession here did not involve any of the traits of a breach of the peace: there was no trespass, no threat, no violence, and no objection by the debtor." Ans. Br. at 26; id. at 29. Further, Appellee devotes significant space in its Answer Brief to an inventory of the facts from prior self-help repossession cases to prove the facts in this case cannot support a finding

that a "breach of the peace" occurred under Florida law. <u>See</u> Ans. Br. at 22-28.

Appellee's legal argument, intentionally or unintentionally, supports the District Court's apparent use of the "analogical decision-making approach" when preparing the Rule 50 Order and the Rule 59/60 Order.

Analogical decision-making occurs when "judges look for factual likeness between current cases and past cases and, upon finding likeness, reach parallel results." Emily L. Sherwin, "Do Precedents Constrain Legal Decision-Making?," Cornell Legal Studies Research Paper 22-14, 4 (Apr. 5, 2022), *forthcoming in* Timothy Endicott, Hafsteinn Kristjansson & Sebastian Lewis, eds., <u>Philosophical Foundations of Precedent</u> (Oxford University Press Jul. 18, 2023). Analogical decision-making, furthermore, "does not require a supporting general principle to establish the likeness of one event to another. Likeness is something a judge can perceive or somehow understand from experience." Id.

In this case, using analogical reasoning, Appellee and the District Court take the position that since no other Florida appellate courts have been faced with a self-help repossession case involving "incidental" or "slight" damages to a driveway, then a trial court should properly look at prior state

cases that involve cars repossessed from driveways with no property damages and conclude a breach of the peace did not occur in this instance.

However, contrary to the position of Appellee and the District Court, Appellant suggests the use of the "legal principles decision-making approach" is the best method to adhere to <u>Williams v. Singletary</u>, 78 F. 3d 1510 (11th Cir. 1996), while applying the factual circumstances of this case to Florida case law. Specifically, legal principles decision-making is used by judges who "who view common law decision-making as a process in which current judges are bound by past decisions but retain some power to innovate." Id. at 15. Legal principles "are principles immanent in the array of past judicial decisions" and are "are organic, drawn by each judge from past legal material and changeable from one case to the next." Id. at 16. "The promise of legal principles is that judges who construct legal principles will work from and contribute to an internally coherent body of law. Legal principles allow judges to exercise their powers of reason and moral judgment but also ensure that the conclusions they reach have a basis in preexisting law." Id.

Here, the District Court erred when it declined to apply legal principles established in previous cases to the new factual situation presented in this case. Instead, the District Court should have adhered to <u>Williams</u> by

fashioning the following legal principle (or something similar) derived from Florida district courts of appeal precedent: self-help repossession was designed to balance the common law trilogy of personal, property and societal interests (referred to as the "self-help repossession trilogy legal principle"). <u>See</u> Br. at 17, 30. As a result, the decisions of the Florida intermediate appellate courts (which are consistent with Florida Supreme Court overarching legal theories) define a "breach of the peace" as constituting a wide-range of activities and behaviors, including negligence, as well as less violent and non-forceful legal duties, activities and behavior. <u>See</u> Br. at 30-34. In contrast, the District Court's analogical decision-making approach only recognized a violence-dependent definition of "breach of the peace" in the Rule 50 Order and the Rule 59/60 Order. <u>See</u> Br. at 32; Doc. 81 at 5-7; Doc. 90 at 3-5.

Therefore, a federal district court relying on the self-help repossession trilogy legal principle (or other reasonable legal principle), and adhering to <u>Williams</u>, would use the district court of appeal decisions in <u>Greene</u>, <u>Daniel</u>, <u>Nixon</u>, <u>Quest</u> and others to conclude Appellee violated its non-delegable duty to exercise some degree of care when its repossession agent "breached the peace" when he negligently damaged third-party Michael Costantino's property during the repossession. <u>See</u> <u>Greene</u>, 224 So. 2d at 418-19; <u>Quest</u>,

397 So. 2d at 1024; <u>Daniel</u>, 181 So. 3d at 1198; <u>Nixon</u>, 620 So. 2d at 798;

<u>see also</u> <u>Sammons v. Broward Bank</u>, 599 So. 2d 1018, 1020-21 (Fla. 4th

DCA 1992).

## II. APPELLEE MISTAKENLY ARGUES, AND AGREES WITH THE DISTRICT COURT, THAT A VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT DID NOT OCCUR IN THIS CASE.

### A. Introduction.

Appellee contends the District Court was correct in concluding

Appellant's claim pursuant to the Florida Consumer Collection Practices Act,

Sections 559.55-559.785, Forida Statues (2024) ("FCCPA") was flawed. <u>See</u>

Ans. Br. at 30. Appellee argues "none of the cases cited by McClain suggest

that repossession of a vehicle constitutes collection of a consumer debt

under the statute." Ans. Br. at 31. Further, Appellee claims "[t]he district

court's ruling on the [FCCPA] claim can also be affirmed because McClain

failed to timely make this argument in the district court." Ans. Br. at 31. As

explained below, Appellee's contention is misguided.

### B. Since the FCCPA Applies to a "Person," Appellee Falls Under the Statute.

Appellee argues since "[a] business that repossesses vehicles does

not meet the statutory definition of a debt collector under the FCCPA," then

"the district court correctly ruled that McClain failed to show 'that the standard

for who qualifies as a debt collector under the FCDPA differs from that under

the FCCPA.'" Ans. Br. at 30 (*quoting* Doc. 81 at 8). Further, Appellee claims "none of the cases cited by McClain suggest that repossession of a vehicle constitutes collection of a consumer debt under the statute." Ans. Br. at 31; see also Doc. 95 at 6.

Appellee's (as well as the District Court's) argument relies heavily on the Middle District of Florida's ruling in Seibel v. Society Lease, Inc., 969 F. Supp. 713 (M.D. Fla. 1997). See Ans. Br. at 30; see also Doc. 81 at 8. In Seibel, the district court concluded a claim under the FCCPA must be dismissed since the statute only regulated "debt collectors" and defendant was a repossession agent.

However, the Seibel Court incorrectly interpreted the FCCPA by concentrating its analysis on the term "debt collector." As Florida district courts of appeal have noted after the 1997 Seibel decision, the FCCPA applies not only to "debt collectors" but also to any "person." See Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906, 910 (Fla. 2d DCA 2014); Morgan v. Wilkins, 74 So. 3d 179, 181 (Fla. 1st DCA 2011); Schauer v. Gen. Motors Acceptance Corp., 819 So. 2d 809, 812 (Fla. 4th DCA 2002).

Thus, since Appellee is a "person" that engaged in an unlawful repossession of Appellant's vehicle, the FCCPA applies in this case.

**C.    Appellee and the District Court Were Incorrect in Claiming Appellant Failed to Make an FCCPA Argument Prior to His Rule 59/60 Motion.**

Appellee's support of the District Court's finding in the Rule 59/60 Order that Appellant "has not made any separate argument under the FCCPA throughout this entire proceeding" is inconsistent with the record. Ans. Br. at 30-31; Doc. 95 at 5.

A cursory review of the record shows Appellant made separate presentations on his FCCPA claim throughout this litigation, including in the Motion for Leave to File the Second Amended Complaint, the Motion for Summary Judgment (and the summary judgment reply memorandum) and the Pretrial Stipulation, as well as during the opening statement of the Jury Trial. See Supp. Doc. 38 at 13-14; Supp. Doc. 50 at 12-13; Supp. Doc. 60 at 9; Doc. 63 at 2, 5; Doc. 106 at 90, lines 20-23. Appellant also made a general reference to the FCCPA during the Rule 50 Hearing. See Doc. 106 at 189, lines 12-13.

**D.    Appellant's FCCPA Argument was Timely.**

Appellee posits Appellant "failed to timely make this [FCCPA] argument to the district court" until the Rule 59/60 Motion. Ans. Br. at 31.

However, Appellee's argument did not consider **its** failure to address the FCCPA issue during the Rule 50 Hearing. Specifically, a motion filed

pursuant to Federal Rule of Civil Procedure 50(a)(2) "shall specify ... the law and the facts on which the moving party is entitled to the judgment." <u>Rankin v. Evans</u>, 133 F. 3d 1425, 1431 (11th Cir. 1998). Thus, a Rule 50 motion is technically deficient where the moving party does not state specifically the grounds for the party's motion for a directed verdict. <u>See</u> <u>id.</u> at 1431-32. In turn, "Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." <u>Kemp v. United States</u>, 142 S. Ct. 1856, 1861 (2022) (quotation marks and citation omitted).

Here, during the Rule 50 Hearing, Appellee stated the parties essentially would be arguing about one issue (i.e., whether a "breach of the peace" occurred during the repossession) for all three claims. <u>See</u> Doc. 106 at 179, lines 11-17. However, Appellee **<u>did not</u>** make the argument, which was later codified by the District Court in the Rule 50 Order, that "[u]nder the Fair Debt Collection Practices Act, tow truck drivers and repossessors are not debt collectors." Doc. 106 at 190, lines 12-14. Thus, Appellant was permitted to address this issue in a Rule 59 or 60 motion since: (1) the District Court inserted the issue in the Rule 50 Order when it was never included in Appellee's *ore tenus* Rule 50 Motion; and (2) the District Court was in error as explained in Argument, Section II-B, *supra*, and Br. at 40-43.

Alternatively, since Appellant made the FCCPA argument at summary judgment [Supp. Doc. 50 at 12-13; Supp. Doc. 60 at 9], the argument is appealable because it raised "pure questions of law." Dupree v. Younger, 598 U.S. 729, 735 (2023).

## CONCLUSION

Based on the above, the District Court erred with the entry of the Order Granting Defendant's Motion for Judgment as a Matter of Law [Doc. 81], the Final Judgment and Order Closing Case [Doc. 82] and the Order Denying Motion for Reconsideration [Doc. 95]. As a result, this Court should reverse the District Court's determinations and remand the case for further proceedings consistent with an order or opinion of this Court.

Dated: January 1, 2026.　　　　Respectfully submitted,

s/ Michael L. Buckner

_____
Michael L. Buckner, Esquire
Florida Bar No. 106331
BUCKNER LEGAL SELF-HELP PROGRAM
Email: michaelbucknerlaw@gmail.com
5224 NW 96th Drive
Coral Springs, Florida 33076-2487
Office: +1-954-347-0112

*Attorney for Appellant,*
*Corey L. McClain*

## CERTIFICATE OF COMPLIANCE

Appellant's counsel certifies that the Reply Brief complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 97 in 14 font-size and Arial type-style.

Dated: January 1, 2026.          Respectfully submitted,


s/ Michael L. Buckner
_____
Michael L. Buckner, Esquire
Florida Bar No. 106331
BUCKNER LEGAL SELF-HELP PROGRAM
Email: michaelbucknerlaw@gmail.com
5224 NW 96th Drive
Coral Springs, Florida 33076-2487
Office: +1-954-347-0112
Facsimile: +1-954-513-4796

*Attorney for Appellant,*
*Corey L. McClain*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 1, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Scott Edwards, Esquire
Scott J. Edwards, P.A.
150 East Palmetto Park Road, Suite 800
Boca Raton, Florida 33432

Cory Samuel Carano, Esquire
Kelley & Grant, P.A.
399 NW 2nd Avenue, Suite 222
Boca Raton, Florida 33432

J. Conrad Grant, Esquire
Kelley Grant & Tanis, P.A.
370 Camino Gardens Boulevard, Suite 301
Boca Raton, Florida 33432

*Attorneys for Appellee,*
*Rapid Recovery Agency, Inc.*

s/ Michael L. Buckner
_____
Michael L. Buckner, Esquire